Michael G. Marderosian, No. 077296
Heather S. Cohen, No. 263093
MARDEROSIAN, RUNYON, CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for: Defendants CITY OF BAKERSFIELD, CHRISTOPHER DALTON, and GREG WILLIAMSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA / FRESNO DIVISION

| | |
|---|---|
| VICTORIA P. YOUNGBLOOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF BAKERSFIELD, CHRISTOPHER DALTON, GREG WILLIAMSON, and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No. 1:12-CV-01150-AWI-JLT<br><br>**CONFIDENTIALITY STIPULATION AND ORDER THEREON** |

　　　　IT IS HEREBY STIPULATED, by and between the undersigned parties through their respective counsel of record, that the following provisions and conditions shall govern the parties:

**1.　Definitions:**

　　　　The following definitions shall govern the construction of this stipulation unless the context otherwise requires.

///

///

///

(a) <u>CONFIDENTIAL Information</u>. "CONFIDENTIAL Information" means any and all Information regardless of format or medium, including personal, proprietary, and financial information, state and federal tax records, and other Information which a party has a right to protect from unrestricted disclosure. **In the context of the present case it also includes the information protected by California Penal Code Section 832.7 and California Evidence Code Sections 1043 to 1047**.

(b) <u>Disclosing Party</u>: "Disclosing Party" means the party who discloses CONFIDENTIAL Information.

(c) <u>Information</u>. "Information" means discovery obtained through the use of interrogatories, requests for admission, requests for production of documents and things, depositions, subpoenas or other Information obtained during discovery.

(d) <u>Notice</u>. "Notice" means reasonable notice under the circumstances. The manner and amount of Notice shall be governed by the particular circumstances.

(e) <u>Person</u>. "Person" means person as defined in California Evidence Code § 175.

(f) <u>Trade secret</u>. Trade secret" means trade secret as defined by California Civil Code § 3426.1(d)(1).

**2.   Scope and Intent.**

(a) Until further order of the Court or stipulation of the parties, all Information designated as "CONFIDENTIAL" by the Disclosing Party, to the extent such Information discloses CONFIDENTIAL Information, shall be subject to this stipulation. However, nothing in this stipulation shall prevent any party from seeking a modification of this stipulation or objecting to the designation of Information as CONFIDENTIAL Information which the party believes to be otherwise improper.

(b) The purpose and intent of this stipulation is to protect CONFIDENTIAL Information. Nothing in this stipulation shall be construed to change existing law or shift existing burdens.

///
///

(c) The parties recognize and acknowledge that some CONFIDENTIAL Information which may be sought is so sensitive that a party may refuse to disclose the Information even under the protection of this stipulation. In such event, this stipulation shall not be deemed consent or an admission that such Information is discoverable and a party may resist disclosure until the matter has been heard by the Court.

(d) This stipulation is the product of negotiations and, for purposes of construction and interpretation, shall not be deemed to have been drafted by one party.

(e) **This stipulation shall be submitted for the signature of the Magistrate Judge assigned to this case in an ex parte manner without need of a formally noticed motion**.

**3.     Designation of CONFIDENTIAL INFORMATION.**

Any Disclosing Party may designate Information, or any portion of such Information, as CONFIDENTIAL Information by placing the word "CONFIDENTIAL" on the Information. By designating Information as CONFIDENTIAL, the Disclosing Party warrants that the designation is made in good faith and on reasonable belief that the Information so designated is CONFIDENTIAL Information as defined above.

**4.     Oral Deposition Testimony.**

A party may designate as CONFIDENTIAL Information, Information disclosed during oral deposition by stating so on the record or in writing within 30 days from receipt of the transcript. Where documents that have been designated as CONFIDENTIAL are entered into the record of a deposition or where CONFIDENTIAL Information is disclosed during deposition, such portion of the deposition containing CONFIDENTIAL Information shall be separately bound and marked "CONFIDENTIAL – UNDER PROTECTIVE ORDER" in a conspicuous place and shall be subject to the provisions of this stipulation.

**5.     Objection to Designation.**

A party may at any time object to the designation of Information as CONFIDENTIAL and move the Court for an order declaring that such Information not be designated CONFIDENTIAL. No motion relating to the designation of Information as CONFIDENTIAL shall be filed without first

1 completing the following steps.  First, the moving party SHALL confer with the opposing party in a
2 good faith effort to resolve the dispute.  Second, if the good faith effort is unsuccessful, the moving
3 party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It
4 shall be the obligation of the moving party to arrange and originate the conference call to the court.
5 Counsel must comply with Local Rule 251 or the motion will be denied with prejudice and dropped
6 from calendar.

7 **6.    Information Which Is Not Confidential.**

8 Notwithstanding the designation of Information as CONFIDENTIAL, such Information shall
9 not be CONFIDENTIAL Information, nor shall disclosure be limited in accordance with this
10 stipulation where such Information is:

11 (a) At the time of disclosure, in the public domain by publication otherwise;
12 (b) Subsequent to disclosure, through no act or failure to act on the part of the receiving
13     party, entered the public domain by publication or otherwise;
14 (c) Provided to a party by a third party who obtained the Information by legal means and
15     without any obligation of confidence to the Disclosing Party; or
16 (d) Developed by employees or agents of the receiving party independently of and without
17     reference to any Information communicated by the Disclosing Party.

18 **7.    CONFIDENTIAL Information Obtained from Third Parties.**

19 If CONFIDENTIAL Information is obtained from a third party, the third party may adopt the
20 benefits and burdens of this stipulation.  Likewise, any party may designate material or Information
21 obtained from a third party as CONFIDENTIAL.

22 **8.    Inadvertent Disclosure.**

23 A party does not waive its right to designate as CONFIDENTIAL Information which is
24 inadvertently disclosed without the appropriate designation.  However, the receiving party shall not
25 be liable for disclosing such Information prior to receiving notice of the CONFIDENTIAL status of
26 the Information.

27 ///
28 ///

MARDEROSIAN,
RUNYON, CERCONE
& COHEN
1260 Fulton Mall
Fresno, CA 93721

**9.     Documents Filed With The Court.**

If a party wishes to file documents with the Court which contain material designated CONFIDENTIAL, that party SHALL comply with Local Rules 140 and 141.

**10.    Dissemination to Third Parties.**

(a)     CONFIDENTIAL Information shall be disclosed only to the parties to this stipulation, their experts, consultants, and counsel.  Before any person receives access to CONFIDENTIAL Information, each shall execute a copy of the form attached hereto as Exhibit A, reciting that he, she or it has read a copy of this stipulation and agrees to be bound by its terms.

(b)     If any person who has obtained CONFIDENTIAL Information under the terms of this stipulation receives a subpoena commanding the production of CONFIDENTIAL Information, such person shall promptly notify the Disclosing Party of the service of the subpoena.  The person receiving the subpoena shall not produce any CONFIDENTIAL Information in response to the subpoena without either the prior written consent of the Disclosing Party or order of the Court.

**11.    Use of CONFIDENTIAL Information During Trial.**

If, a party intends to introduce into evidence any CONFIDENTIAL Information at trial, that party SHALL notify the Court in the joint pretrial conference statement of this intention and SHALL seek an order related to the introduction of this evidence at trial.  The moving party SHALL comply with the Court's pretrial order regarding whether this order will be sought in limine or otherwise.

**12.    Duty to Use Reasonable Care.**

All persons bound by this stipulation shall have the duty to use reasonable care and precaution to prevent violations thereof.

**13.    Enforcement.**

(a)     Prior to bringing any motion or application before the Court for enforcement of this stipulation, the parties shall, comply with the procedures set forth in paragraph 5.

///

///

(b) In the event anyone shall violate, attempt to violate or threaten to violate any of the terms of this stipulation, after compliance with the procedures in paragraph 5, the aggrieved party may apply to the Court to obtain compliance with this stipulation or to obtain appropriate injunctive relief.  Each party agrees that, in response to an application for injunctive relief, it will not assert the defense that the aggrieved party possesses an adequate remedy at law.

(c) The Court may make any order against a party to this stipulation it deems appropriate to compel compliance in addition to any injunctive relief available to the parties.

(d) If CONFIDENTIAL Information is disclosed to any person other than as allowed by this stipulation, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the aggrieved party and without prejudice to the other rights and remedies of any party, make every effort to prevent further disclosure.  Fines and/or sanctions for inadvertent or intentional disclosure shall be decided by the Court after briefing and argument by all parties concerned.

**14.  Return/Destruction of Documents.**

Within 60 days after final termination of this action, including all appeals, each party shall be responsible for returning to the Disclosing Party all original and/or copies of all CONFIDENTIAL Information produced during the course of this action and subject to this order, including all excerpts thereof, except that counsel may retain all memoranda, and correspondence derived from such CONFIDENTIAL Information and any such CONFIDENTIAL Information necessary for purposes of maintaining a legal file but after the end of such years, all such retained CONFIDENTIAL Information shall be returned to the Disclosing Party.

**15.  Modification And Amendments.**

Except as to those modifications made by the Court, this stipulation may be modified or amended without leave of Court by unanimous written agreement of the parties hereto.

///

///

MARDEROSIAN,
RUNYON, CERCONE
& COHEN
1260 Fulton Mall
Fresno, CA 93721

6

**16.   Duration of Stipulation.**

Provided the court makes this stipulation an order of the Court, this stipulation shall survive and remain in full force and effect after the termination of this lawsuit, whether by final judgment after exhaustion of all appeals or by dismissal, and the Court shall retain jurisdiction over the parties and their attorneys for the purpose of enforcing the terms of this stipulation.

Dated: November 13, 2012                          RODRIGUEZ & ASSOCIATES

                                                  By:   /s/ Martha Rossiter
                                                        Martha Rossiter,
                                                        Attorneys for Plaintiff

Dated: November 19, 2012                          MARDEROSIAN, RUNYON,
                                                  CERCONE & COHEN


                                                  By:   /s/ Michael G. Marderosian
                                                        Michael G. Marderosian
                                                        Attorney for Defendants above-named.

IT IS SO ORDERED.

Dated:   **November 27, 2012**                            /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE

MARDEROSIAN,
RUNYON, CERCONE
& COHEN
1260 Fulton Mall
Fresno, CA 93721