1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11  VICTORIA YOUNGBLOOD,              )   Case No.: 1:12-cv-01150 AWI JLT
                                      )
12              Plaintiff,            )   ORDER RE: DISCOVERY DISPUTE
13       v.                           )
                                      )
14  CITY OF BAKERSFIELD, et al.,      )
                                      )
15              Defendants.           )
                                      )
16  _____ )

17       On June 10, 2012, the Court held an informal telephone conference regarding a discovery
18  dispute that was underway. (Doc. 26)  As a result of the conference, many of the issues were
19  resolved or clarified as follows:
20       1.      Requests No. 2, 3, 22 and 43 had been fully addressed by Defendants though
21  Defendants should amend their responses, as necessary, to indicate all documents have been
22  provided or no responsive documents exist.
23       2.      As to Request No. 7, Defendants have provided all information related to any bites
24  by K-9 Bronx.  Plaintiff may file a motion to compel information related to all bites by all K-9s
25  owned by the BPD for the past 10 years but the Court strongly encourages her to reconsider this
26  request.  The summary of the request seems to indicate that it is significantly overbroad in terms of
27  scope and time and is not likely to seek relevant information, as currently worded.
28

1

3. Defendants have provided the deployment log for K-9 Bronx in response to Request No. 24.  They have not done so as to the other K-9s. However, the log for Bronx does not provide any information about the circumstances of the deployments such that Plaintiff can determine whether there is evidence of an unlawful custom related to the dog's deployment.  Thus, Plaintiff seeks the narrative report from Officer Dalton related to each of these approximate 600 deployments.  Defendants argue that production of these reports would be overly burdensome and they are irrelevant.

Once again Plaintiff may file a motion to compel information related to all deployments of Bronx and the other K-9s but the Court strongly encourages her to consider propounding a request which is better tailored to the relevant circumstances of this case.  The summary of the request here as currently worded, seems to indicate that the request is significantly overbroad is likely to seek irrelevant information.

4. Request No. 25 seeks information related to the K-9 training received by the supervisors in the K-9 unit.  Defendants agreed they would produce these documents.  Defendants SHALL do so no later than June 21, 2012;

5. In Request No. 37, Plaintiff seeks any law enforcement reports which demonstrate that Thomas Thoms has "violently resisted law enforcement officers" before the search warrant executed in this case.  Plaintiff's counsel believed that there is a report prepared in relation to the search of Plaintiff's home which indicates that there were earlier law enforcement reports which address this topic.  As soon as possible, but no later than June 21, 2012, Plaintiff's counsel SHALL provide to counsel for Defendants the report which reflects that this earlier report(s) exists so that Defendants can investigate;

6. In Request No. 38, Plaintiff seeks the recorded statements of the witnesses to the search of her home.  Defense counsel admits that the statements were audio recorded but that the tapes cannot be located.  No later than June 21, 2012, defense counsel SHALL ensure a diligent search has occurred to locate these tapes and the results of the search are communicated to Plaintiff's counsel.  Defense counsel SHALL investigate the custom/policy of the BPD as to the

use/re-use/destruction of audio tapes used in the field of witnesses to record statements as a starting point for this diligent search;

      7.      In Request No. 39, Plaintiff seeks the CJIS printout of all arrests and convictions for Thomas Thoms.  Defendants have produced a "probation summary" report but this fails to provide the requested information.  No later than June 21, 2012, Defendants SHALL produce the requested information which demonstrates the arrests and convictions for this individual;

      8.      Requests No. 40 and 41 seek information about a DOJ investigation of the BPD which occurred between 8 and 10 years ago as it pertains to the K-9 unit.  The parties agree the DOJ investigation did not focus on the K-9 unit.  Moreover, Defendants assert that the report itself is available on the internet which is equally available to Plaintiff and is irrelevant based upon its remoteness in time.  Plaintiff admitted that she was seeking the BPD's policy changes or other changes made in response to the DOJ investigation.  However, it does not appear that these requests specifically seek this information.  Thus, Plaintiff may file a motion to compel information related to DOJ investigation/recommendation related to the K-9 unit but the Court strongly encourages her to consider propounding a different request which is narrowly tailored to the information sought.  Finally, at this time, the Court cannot state unequivocally the information is not relevant but any motion on this topic would be required to demonstrate how the information sought is relevant;

      9.      As to Request No. 46, Defendants have produced six CDs of the dispatches for the events occurring during the relevant time period.  Notably, these CDs include police incidents other than the one involving Plaintiff.  In addition, Defendants have provided a written dispatch log which includes only the incident involving Plaintiff.  Plaintiff complains that the written log does not assist with the six CDs because they do not correlate.  Thus, Defendants agreed to seek out a CD which includes only the entries related to the search warrant at her house.  Failing this, they will produce a dispatch log for which covers the same period of time as the six CDs.  Defendants SHALL produce this information no later than June 21, 2013;

      10.      Plaintiff complains that counsel improperly instructed Officer Hilliard not to answer certain questions at his deposition. However, the Court cannot properly evaluate the objections

without specific citations to the transcript. Thus, should Plaintiff wish to pursue having Officer Hilliard submit to a deposition to address the questions he did not answer upon advice of counsel, she may file a motion to compel. In the meanwhile, all counsel are urged to cooperate with each other and to instruct their witnesses not to answer *only* consistently with the rules. Fed. R. Civ. P. 30(c)(2) ["A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."].

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Any further or amended responses or actions, as described above, SHALL be provided no later than June 21, 2012.

IT IS SO ORDERED.

Dated:   **June 12, 2013**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE