UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTORIA YOUNGBLOOD, | ) | Case No.: 1:12-cv-01150 AWI JLT |
| | ) | |
|     Plaintiff, | ) | ORDER GRANTING IN PART STIPULATION |
| v. | ) | TO AMEND THE SCHEDULING ORDER |
| | ) | |
| CITY OF BAKERSFIELD, et al., | ) | (Doc. 29) |
| | ) | |
|     Defendants. | ) | |
| | ) | |

Before the Court is the stipulation of counsel to amend the scheduling order (Doc. 15). (Doc. 29) Counsel seek to modify all case schedule dates except the trial date. (Doc. 29 at 2) The reason set forth for this amendment is that "there is considerable discovery outstanding . . . to conduct" and counsel does not believe it can be finished before the discovery cut-off on September 3, 2013. Id. at 3.

According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations</u>, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

1

1  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the
2  litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v.
3  Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the
4  parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur,
5  notwithstanding her diligent efforts to comply, because of the development of matters which could
6  not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference
7  . . ." Jackson, 186 F.R.D. at 608, emphasis added.

8       The scheduling order advised the parties that a stipulation to amend the scheduling order,
9  unsupported by good cause, would not be sufficient.  (Doc. 15 at 7) The order reads,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

14  (Id., emphasis in the original) Nevertheless, the stipulation does not indicate the discovery which
15  has been completed or describe that which remains or—most importantly—why this discovery has
16  not been completed before now.  Likewise, there is no information provided as to why the
17  remaining discovery cannot be completed in the 60-plus days before the deadline.  The parties
18  were obligated to provide a sufficient factual basis to allow the Court to make a reasoned
19  determination.

20       Moreover, though the parties do not propose a change in the trial date, the changes in the
21  case schedule they seek would necessitate a continuance of the trial.  For example, the filing date
22  for the dispositive motion is a mere 30 days before the pretrial conference.  Given his extensive
23  caseload, Judge Ishii cannot decide this motion in the time allotted.  Thus, though the Court will
24  afford the parties addition discovery time, they are forewarned that the amended discovery
25  deadline date provided below may preclude them from filing non-dispositive motions related to
26  discovery disputes.  Likewise, **absolutely no further amendments to the case schedule will be**
27  **entertained without a showing of exceptional good cause**.
28  ///

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. All discovery, non expert and expert, SHALL be completed no later than November 18, 2013;

2. The parties SHALL disclose all expert witnesses, in writing, on or before **September 27, 2013**, and to disclose all rebuttal experts on or before **October 11, 2013**.

2. No other amendments to the case schedule are authorized.

**<u>Absolutely no further amendments to the case schedule will be entertained without a showing of exceptional good cause.</u>**

IT IS SO ORDERED.

Dated:   **June 26, 2013**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

3