Michael G. Marderosian, No. 077296
Heather S. Cohen, No. 263093
MARDEROSIAN, RUNYON, CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for: Defendants CITY OF BAKERSFIELD, CHRISTOPHER DALTON, and GREG WILLIAMSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA / FRESNO DIVISION

| | |
|---|---|
| VICTORIA P. YOUNGBLOOD,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BAKERSFIELD, CHRISTOPHER DALTON, GREG WILLIAMSON, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 1:12-CV-01150-AWI-JLT<br><br>**STIPULATION AND ORDER FOR PHYSICAL AND MENTAL EXAMINATIONS OF PLAINTIFF VICTORIA YOUNGBLOOD**<br><br>(Doc. 29) |

**STIPULATION**

IT IS HEREBY STIPULATED by and between plaintiff Victoria Youngblood and defendants City of Bakersfield, Christopher Dalton and Greg Williamson (collectively "defendants"), through their respective attorneys, as follows:

1. The physical and mental conditions of the plaintiff are "in controversy" within the meaning of Federal Rule of Civil Procedure 35 ("Rule 35"), which sets forth the procedures for the examination of persons whose physical and/or mental conditions are in controversy.

///

///

Examination by Carl F. Hoppe, Ph.D.

2. Carl F. Hoppe, Ph.D., has been retained by defendants to conduct an examination of the plaintiff pursuant to Rule 35. A copy of Dr. Hoppe's curriculum vitae is attached hereto as Exhibit A.

3. Plaintiff will voluntarily appear for and submit to a psychological examination, including, but not limited to, oral interviews, written questionnaires and self administering tests, to be conducted by Carl F. Hoppe, Ph.D., on July 17, 2013, at 10:30 a.m. at 360 N. Bedford Drive, Suite 215, Beverly Hills, California.

4. This examination is relevant to plaintiff's claim of severe emotional distress, including nightmares, insomnia, anxiety and fear, and her diagnosis of post traumatic stress disorder.

5. At the time of said examination, plaintiff will answer all proper questions and inquiries pertaining to the emotional affect the injury has had on plaintiff's life, and for the purpose of making a proper diagnosis of the plaintiff's condition.

Examination by Gary M. Tearston, M.D., F.A.C.S.

6. Gary M. Tearston, M.D., F.A.C.S., has been retained by defendants to conduct an examination of the plaintiff pursuant to Rule 35. A copy of Dr. Tearston's curriculum vitae is attached hereto as Exhibit B.

7. Plaintiff Victoria P. Youngblood will submit to a physical examination to be conducted by Gary M. Tearston, M.D., F.A.C.S., on July 17, 2013, at 2 p.m. at 9201 W. Sunset Blvd., Suite 401, West Hollywood, California.

8. In addition to questioning by Dr. Tearson relating to plaintiff's complaints, this examination shall include a comprehensive physical examination of the neck, head, ears, scalp and facial areas, including but not limited to an examination of the external auditory canal. This examination is relevant to plaintiff's claim of pain, sensory changes, and disfigurement.

9. At the time of said examination, plaintiff will answer all proper questions and inquiries pertaining to her neck, head, ears, scalp and facial areas, for the purpose of making a proper diagnosis of the plaintiff's condition.

///

MARDEROSIAN, RUNYON, CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721

2

Examination by Martin L. Hopp, M.D.

10. Martin L. Hopp, M.D., has been retained by defendants to conduct an examination of the plaintiff pursuant to Rule 35. A copy of Dr. Hopp's curriculum vitae is attached hereto as Exhibit C.

11. Plaintiff Victoria P. Youngblood will submit to a physical examination to be conducted by Martin L. Hopp, M.D., on July 18, 2013, at 2 p.m. at 8631 W. Third Street, Suite 400 East, Los Angeles, California 90048.

12. The examination shall include comprehensive testing and examination of the plaintiff in the head and neck areas, including but not limited to (a) complete examination of the outer ear, tympanic membrane and visible middle ear; (b) full audiological examination which also includes pure tone, discrimination, tympanogram, and acoustic relexes; (c) complete examination of the nasopharynx and Eustachian tube, not including x-rays, and (d) complete examination of the oral cavity, oropharynx, larynx and neck. This examination is relevant to plaintiff's claim of hearing loss and impairment. In addition, such examination shall include any and all other tests which are ordinarily deemed a part of a general auditory examination. The examiner will proceed with care, as he has been informed that Plaintiff's ear is sensitive and painful to the touch.

13. At the time of said examination, plaintiff will answer all proper questions and inquiries pertaining to hearing and hearing loss, for the purpose of making a proper diagnosis of the plaintiff's condition.

Good Cause

14. Good cause exists for the Court to enter this Stipulation as an Order of the Court.

15. Nothing herein shall preclude the parties from entering into other stipulations or agreements relating to the Rule 35 examinations of plaintiff.

Dated: June 26, 2013                        MARDEROSIAN, RUNYON,
                                            CERCONE & COHEN


                                            By:    /s/ Michael G. Marderosian
                                                   Michael G. Marderosian
                                                   Attorney for Defendants above-named.

MARDEROSIAN,
RUNYON, CERCONE
& COHEN
1260 Fulton Mall
Fresno, CA 93721

3

1 | Dated: June 26, 2013                                      RODRIGUEZ & ASSOCIATES

                                        By:      /s/ Martha Rossiter
                                                 Martha Rossiter
                                                 Attorney for Plaintiff

**ORDER**

The above stipulation is hereby accepted and approved.  The terms of the stipulation set forth above are hereby adopted as an Order of this Court.

IT IS SO ORDERED.

Dated:   **June 26, 2013**                              /s/ Jennifer L. Thurston
                                                     UNITED STATES MAGISTRATE JUDGE